JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

**APPENDIX H**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFF**
Christopher and Honey Torretti, as parents and natural guardians of Christopher J. Torretti, a minor and in their own right

(b) County of Resident of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
Paoli Memorial Hospital, Andrew Gerson, M.D., Main Line Perinatal Associates, Mark Finnegan, M.D., R. Michael Belden, M.D., McConnell, Peden, Belden & Associates and Lankenau Hospital

County of Residence of First Listed ______
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James E. Beasley, Jr., Esq., The Beasley Firm, LLC, 1125 Walnut Street, Philadelphia, PA 19107
(215.592.1000)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities – Other
- ☐ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury-Med. Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus &Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal
- ☐ 423 Individual 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(G))
- ☐ 864 SSID Title XVI
- ☐ 765 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS--Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and writ brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. § 1395 (EMTALA)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Excess $150,000.00

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 10 July 2006

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable to deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Remove from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 108 Barren Road, Newtown Square, PA 19073-4202

Address of Defendant: see attached

Place of Accident, Incident or Transaction: Paoli Hospital, 55 W. Lancaster Avenue, Paoli, PA 19301 and Lankenau Hospital, 100 Lancaster Avenue, Wynnewood, PA 19096
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐ ***UNKNOWN AT THIS TIME***

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) EMTALA, 42 U.S.C. § 1395

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

(Check appropriate Category)

I, James E. Beasley, Jr., counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 10 July 2006 [signature] Attorney-at-Law 83282 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE 10 July 2006 [signature] Attorney-at-Law 83282 Attorney I.D.#

CIV. 609 (4/03)

**Address of Defendants:**

1. PAOLI MEMORIAL HOSPITAL
   255 West Lancaster Avenue
   Paoli, PA  19301

2. ANDREW GERSON, M.D.
   Main Line Perinatal Associates
   Paoli Hospital Perinatal Testing Center
   255 West Lancaster Avenue
   Paoli, PA  19301

3. MAIN LINE PERINATAL ASSOCIATES
   Paoli Hospital Perinatal Testing Center
   255 West Lancaster Avenue
   Paoli, PA  19301

4. MARK FINNEGAN, M.D.
   McConnell, Peden, Belden & Associates
   Lankenau Hospital MOB East
   Suite 158, 100 Lancaster Avenue
   Wynnewood, PA  19096

5. PATRICIA McCONNELL, M.D.
   McConnell, Peden, Belden & Associates
   Lankenau Hospital MOB East
   Suite 158, 100 Lancaster Avenue
   Wynnewood, PA  19096

6. MCCONNELL, PEDEN, BELDEN & ASSOCIATES
   Lankenau Hospital MOB East
   Suite 158, 100 Lancaster Avenue
   Wynnewood, PA  19096

7. LANKENAU HOSPITAL
   Suite 158, 100 Lancaster Avenue
   Wynnewood, PA  19096

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Christopher and Honey Torretti, as parents and natural guardians of Christopher J. Torrnetti, a minor and in their own right | : | CIVIL ACTION |
| v. | : | NO. |
| Paoli Memorial Hospital, Andrew Gerson, M.D., Main Line Perinatal Associates, Mark Finnegan, M.D., R. Michael Belden, M.D., McConnell, Peden, Belden & Associations and Lankenau Hospital | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

| | | |
|---|---|---|
| (a) | Habeas Corpus - Cases brought under 28 U.S.C. §2241 through §2255. | ☐ |
| (b) | Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. | ☐ |
| (c) | Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2. | ☐ |
| (d) | Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos. | ☐ |
| (e) | Special Management - Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) | ☐ |
| (f) | Standard Management - Cases that do not fall into any one of the other tracks | ☒ |

10 July 2006
Date

Attorney-at-Law

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CHRISTOPHER AND HONEY TORRETTI, AS PARENTS & NATURAL GUARDIANS OF CHRISTOPHER J. TORRETTI, A MINOR, AND IN THEIR OWN RIGHT**
108 Barren Road
Newtown Square, PA 19073-4202

Plaintiffs,

vs.

**PAOLI MEMORIAL HOSPITAL**
255 West Lancaster Avenue
Paoli, PA 19301

and

**ANDREW GERSON, M.D.**
Main Line Perinatal Associates
Paoli Hospital Perinatal Testing Center
255 West Lancaster Avenue
Paoli, PA 19301

and

**MAIN LINE PERINATAL ASSOCIATES**
Paoli Hospital Perinatal Testing Center
255 West Lancaster Avenue
Paoli, PA 19301

and

**MARK FINNEGAN, M.D.**
McConnell, Peden, Belden & Associates
Lankenau Hospital MOB East
Suite 158, 100 Lancaster Avenue
Wynnewood, PA 19096

and

No. __ Civ. _____ (___)

**PLAINTIFFS' COMPLAINT**

***JURY TRIAL DEMANDED***

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**PATRICIA McCONNELL, M.D.** :
McConnell, Peden, Belden & Associates :
Lankenau Hospital MOB East :
Suite 158, 100 Lancaster Avenue :
Wynnewood, PA 19096 :

and :

**MCCONNELL, PEDEN, BELDEN & ASSOCIATES** :
Lankenau Hospital MOB East :
Suite 158, 100 Lancaster Avenue :
Wynnewood, PA 19096 :

and :

**LANKENAU HOSPITAL** :
Suite 158, 100 Lancaster Avenue :
Wynnewood, PA 19096 :

Defendants. :
x

## NATURE OF THE CASE

1. On 23 May 2005, PLAINTIFF, HONEY TORRETTI, approximately 34 weeks pregnant and with a significant pre-natal history including admissions and treatments for pre-term labor and a cesarean section delivery for her first child, arrived at defendant PAOLI HOSPITAL in active labor pursuant to direction from co-defendant McCONNELL.

2. Defendant ANDREW GERSON, M.D. ("GERSON"), acting as an employee, servant, and/or agent (actual, ostensible, or otherwise) of PAOLI HOSPITAL, evaluated, examined, and conducted studies on the actively laboring woman and her unborn child; as a result of the studies, defendant GERSON became aware of significant and dangerous testing results showing that the unborn child was unstable and in need of immediate delivery.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

3. Defendant PAOLI HOSPITAL, claims the following on its internet website (http://www.mainlinehealth.org/ph/article_846.asp) with regard to its Obstetrics department, which routinely provides care for all forms of unstable patients such as HONEY TORRETTI who present in active labor:

> The obstetricians at Paoli Hospital offer complete, family-centered care for women with normal and high-risk pregnancies; perform monitoring and testing during pregnancy and delivery of the newborn and care for the mother throughout the postpartum period.

4. Defendant PAOLI HOSPITAL, claims the following on its internet website (http://www.mainlinehealth.org/ph/article_1598.asp) with regard to its ability to provide high level intensive care for newborns:

> **Neonatology**: The Level II Neonatal Intensive Care Unit at Paoli Hospital provides all levels of care from acute care to premature and/or ill newborns. The Neonatal Intensive Care Unit is staffed by full-time, on-site neonatal-perinatal medicine subspecialists and specially-trained neonatal nurse practitioners. Respiratory, physical and occupational therapists also participate in the care of babies in the NICUs. This division provides consultation to members of the obstetrical, perinatal and pediatric staffs, and provides a Neonatal Transport Service to area hospitals without their own NICUs. Ongoing neurodevelopmental follow-up of high-risk NICU graduates is also provided by the members of the division, as part of the Neonatal Intensive Care Unit Follow-up Program.

5. In spite of defendant PAOLI HOSPITAL, by and through its agent, servant and/or employee GERSON being aware of the unstable nature of the unborn child while his mother was in active labor, HONEY TORRETTI was "sent to Lankenau for further monitoring."

6. Upon information and belief the sole reason for the transfer to co-defendant LANKENAU HOSPITAL was for financial benefit.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7. PAOLI HOSPITAL had the personnel and facilities to deliver the minor-plaintiff but failed to do so in violation of EMTALA (Federal Emergency Medical Treatment and Active Labor Act), 42 U.S.C. §1395 *et seq*.

8. Prior to the 23 May 2005 transfer from PAOLI to LANKENAU, PLAINTIFF HONEY TORRETTI, on 21 May 2005, called defendant PATRICIA McCONNELL and told her that there was decreased fetal movement; McCONNELL told her to come in on 23 May 2005 as "nothing could be done over the weekend, anyway."

9. Co-defendants FINNEGAN, BELDEN GROUP, and LANKENAU HOSPITAL are also liable to PLAINTIFFS for their failure to promptly and properly assess and deliver the minor-plaintiff.

**JURISDICTION AND VENUE**

10. This Court has original jurisdiction over the subject matter of this action pursuant to the Federal Emergency Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395 *et seq*. The court has supplemental or pendent jurisdiction over the state common law claims and causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1367, and the amount in controversy exceeds $150,000.00.

11. This Court has personal jurisdiction over the defendants because all of the actions herein occurred in this judicial district.

12. Venue is proper pursuant to 28 U.S.C. § 1391 *et seq.*



THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## PARTIES AND OTHER ENTITIES

**PLAINTIFFS:**

13. PLAINTIFFS, CHRISTOPHER AND HONEY TORRETTI are the parents and natural guardians of the minor-plaintiff, CHRISTOPHER J. TORRETTI, and bring this action on his and their own behalf. They reside at the above listed address.

**DEFENDANTS:**

14. Defendant PAOLI HOSPITAL (PAOLI) is a hospital for the treatment and care of patients with a place of business at the above listed address. PAOLI is required to comply with the mandates of EMTALA.

15. Defendant ANDREW GERSON, M.D. (GERSON) is a physician who, at all times relevant hereto, provided health care to HONEY TORRETTI and to the minor plaintiff on behalf of PAOLI. GERSON has an office at the above listed address.

16. Defendant MAIN LINE PERINATAL ASSOCIATES (GERSON GROUP) is a medical practice group with which GERSON is affiliated and has an office at the above listed address.

17. Defendant MARK FINNEGAN, M.D. (FINNEGAN) is a physician with the above listed address and was involved in the obstetrical care provided to HONEY TORRETTI and the MINOR PLAINTIFF when they arrived at LANKENAU HOSPITAL.

18. Defendant PATRICIA McCONNELL, M.D. (McCONNELL) is a physician with the above listed address, was involved in the prenatal care provided to HONEY TORRETTI and the MINOR PLAINTIFF, and was, on 21 May 2005, informed by HONEY TORRETTI of decreased fetal movement.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

19. Defendant MCCONNELL, PEDEN, BELDEN & ASSOCIATES (BELDEN GROUP) is a medical practice group with which FINNEGAN is affiliated and has an office at the above listed address.

20. Defendant LANKENAU HOSPITAL (LANKENAU) is a hospital for the treatment and care of patients with a place of business at the above listed address.

21. Each and every defendant is liable for the acts of its agents, servants, and/or employees.

**FACTS:**

**A. HONEY TORRETTI CALLS THE BELDEN GROUP AND SPEAKS WITH DR. McCONNELL ON SATURDAY, 21 MAY, 2005 COMPLAINING OF DECREASED FETAL MOVEMENT.**

22. On 21 May 2005, at approximately 5:00pm, HONEY TORRETTI called the BELDEN GROUP because of decreased fetal movements; within the hour, McCONNELL returned the call.

23. McCONNELL was told that there was decreased fetal movement and HONEY TORRETTI'S concern about the extra fluid around the baby, at the end of the discussion, McCONNELL told HONEY TORRETTI that, in sum, there was nothing that could be done until Monday, and to go to PAOLI on Monday, 23 May, 2005, to be evaluated.

**B. HONEY TORRETTI ARRIVES AT PAOLI IN ACTIVE LABOR WITH AN UNSTABLE, UNBORN CHILD.**

24. On 23 May 2005, PLAINTIFFS arrived at PAOLI in active labor at approximately 34 weeks gestation and with a significant, yet known, medical history including prior recent admissions and treatment for pre-term labor, insulin dependent diabetes, polyhydramnios, and a large for gestational age baby (11 lbs. at approximately 34 weeks gestation).

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

25. Upon arrival at PAOLI, co-defendant GERSON evaluated PLAINTIFFS and concluded the following:

> The patient was placed on the electronic fetal heart rate monitor. The NONSTRESS TEST was nonreactive, using the criteria of two accelerations with fetal movement in twenty minutes.
>
> The AC is 423 – off the charts.
>
> The fetal heart rate is flat. Honey has not felt any movement for two days. She has tried to have very low sugars to control her fluid. She has had sugars less than 60. Honey was sent to Lankenau for further monitoring.

26. GERSON also noted "heart and limb motion" was identified during the ultrasound, showing that the child was, indeed, alive and moving; however, the fetal heart tracings showed an unstable child in need of urgent delivery.

27. Rather than ensuring immediate delivery of this unstable infant while at PAOLI, which holds itself out as being capable of managing patients such as PLAINTIFFS, the PLAINTIFFS were told to leave PAOLI and to **drive themselves** to LANKENAU.

28. The minor-plaintiff, when he presented to PAOLI, was a clearly unstable patient within a woman in active labor, as noted by BELDEN in a 23 May 2005, 1:45 pm self-protective post-delivery note; this note (portions incorporated herein) was written to provide protection for himself and others due to the minor plaintiffs' significantly compromised health status caused solely by the failure to deliver at PAOLI and for the failure of prompt delivery upon arrival at co-defendant LANKENAU:

> It is my belief that fetus was likely compromised before arriving at Paoli testing center, and that delivery there would have resulted in a similar outcome <u>without</u> ability for successful resuscitation.

29. By definition, if the MINOR PLAINTIFF was "likely compromised" before arriving at PAOLI, then he was "likely compromised" while at PAOLI and therefore, in violation of

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

EMTALA, was a known unstable fetus trapped inside a mother in active labor, but nonetheless transferred for financial benefit.

**C. DEFENDANTS' IMPROPER TRANSFER OF PLAINTIFFS FROM PAOLI HOSPITAL TO AT LANKENAU HOSPITAL; THE FAILURE TO PROMPTLY AND PROPERLY DELIVER THIS UNSTABLE PATIENT.**

30. As described above, the MINOR PLAINTIFF was unstable when improperly discharged from PAOLI; upon arrival at LANKENAU, PLAINTIFFS were admitted for preterm labor and "non reassuring FHTs (fetal heart tones)."

31. Rather than emergently delivering the MINOR PLAINTIFF, co-defendants, in spite of knowing the compromised position of the MINOR PLAINTIFF, as well as the maternal history, delayed in the delivery including wasting time performing a contraction stress test only after HONEY TORRETTI was caused to wait in the hallway until a doctor would come and evaluate her.

32. As a result of the delayed delivery, the MINOR PLAINTIFF was born in significant distress, with APGAR scores of zero and one minute and five minutes, a pH of 6.94, and in need of ventilator support and resuscitation.

33. In spite of the delays in treatment identified herein, and in spite of BELDEN'S self protective note in ¶ 25, the MINOR PLAINTIFF was still able to be resuscitated after delivery at LANKENAU, albeit in a brain injured state caused solely by the failures outlined herein.

34. As a direct and proximate result of all defendants' negligence, the MINOR PLAINTIFF has suffered significant, permanent brain injury and other medical complications as described in his medical records.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**THEORIES OF LIABILITY:**

**FIRST CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1395**
**FEDERAL EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT**

**PLAINTIFFS v. PAOLI MEMORIAL HOSPITAL**

35. Plaintiffs incorporate by this reference all preceding paragraphs of this Complaint in their entirety as though fully set forth in this cause of action, and further allege as follows:

36. PLAINTIFF HONEY TORRETTI was in active labor upon her 23 May 2005 arrival to PAOLI HOSPITAL.

37. MINOR PLAINTIFF CHRISTOPHER J. TORRETTI was unstable, and known to be so, when evaluated at PAOLI.

38. In spite of the above, the PLAINTIFFS were told to "drive themselves" to LANKENAU for "further monitoring;" this was done, upon information and belief, solely for financial benefit and not in the best interest of the unstable MINOR PLAINTIFF.

39. The PLAINTIFFS have been harmed by the illegal actions of PAOLI HOSPITAL in improperly discharging PLAINTIFFS in active labor and known instability; these actions were a factual cause in the injuries and damages claimed by the PLAINTIFFS.

40. As a result of PAOLI'S violation of EMTALA, the PLAINTIFFS have suffered the following:

(a) severe and permanent brain injury;

(b) cerebral palsy;

(c) need for CPR;

(d) coagulation disorders;

(e) damage to his nerves and nervous system;

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

 (f) the need for ventilator support with resultant pulmonary damage;

(g) the need for significant and expensive medical care;

(h) loss of earning capacity; and

(i) loss of life's pleasures.

WHEREFORE, pursuant to 42 U.S.C. § 1395 *et seq.*, PLAINTIFFS hereby demand damages of defendant, PAOLI HOSPITAL, in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

**SECOND CAUSE OF ACTION**

**PLAINTIFFS v. PAOLI, McCONNELL, GERSON AND MAIN LINE PERINATAL ASSOCIATES**

41. Plaintiffs incorporate by this reference all preceding paragraphs of this Complaint in their entirety as though fully set forth in this cause of action, and further allege as follows:

42. As set forth above, McCONNELL acted on behalf of herself, BELDEN GROUP, and PAOLI; McCONNELL failed to recognize the issues presented to her during the 21 May 2005 phone call and ensure that HONEY TORRETTI was monitored that evening; this failure was a factual cause of the injuries and damages claimed by the PLAINTIFFS.

43. As set forth above, PAOLI acted by and through its agent, GERSON, who was also affiliated with MAIN LINE PERINATAL ASSOCIATES; these entities are housed within the PAOLI HOSPITAL complex.

44. GERSON was aware of the MINOR PLAINTIFF'S unstable condition yet made the decision on behalf of PAOLI to send the PLAINTIFFS to LANKENAU for "further monitoring."

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

45. The decision to tell PLAINTIFFS to drive themselves to LANKENAU, rather than ordering an immediate delivery at PAOLI, was a factual cause in the injuries and damages claimed by the PLAINTIFFS.

46. As a result of the DEFENDANTS delay in delivering the MINOR PLAINTIFF, the PLAINTIFFS have suffered the following:

(a) severe and permanent brain injury;

(b) cerebral palsy;

(c) need for CPR;

(d) coagulation disorders;

(e) damage to his nerves and nervous system;

(f) the need for ventilator support with resultant pulmonary damage;

(g) the need for significant and expensive medical care;

(h) loss of earning capacity; and

(i) loss of life's pleasures.

WHEREFORE, PLAINTIFFS hereby demand damages of defendants PAOLI, GERSON and the GERSON GROUP in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

**THIRD CAUSE OF ACTION**

**PLAINTIFFS v. FINNEGAN, BELDEN GROUP AND LANKENAU HOSPITAL**

47. Plaintiffs incorporate by this reference all preceding paragraphs of this Complaint in their entirety as though fully set forth in this cause of action, and further allege as follows:

48. DEFENDANT FINNEGAN failed to recognize the unstable status of the MINOR PLAINTIFF and, as a result, failed to promptly and properly deliver the MINOR PLAINTIFFS.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

49. DEFENDANT BELDEN GROUP is responsible for the negligent acts of its agents, servant and/or employees (actual, ostensible or otherwise) such as FINNEGAN.

50. DEFENDANT LANKENAU is responsible for the negligent acts of its agents, servants, and/or employees (actual, ostensible, or otherwise) such as FINNEGAN.

51. As a result of all DEFENDANTS' actions causing the delay in delivering the MINOR PLAINTIFF, the PLAINTIFFS have suffered the following:

(a) severe and permanent brain injury;

(b) cerebral palsy;

(c) need for CPR;

(d) coagulation disorders;

(e) damage to his nerves and nervous system;

(f) the need for ventilator support with resultant pulmonary damage;

(g) the need for significant and expensive medical care;

(h) loss of earning capacity;

(i) loss of life's pleasures.

WHEREFORE, PLAINTIFFS hereby demand damages of defendants FINNEGAN, the BELDEN GROUP, and LANKENAU in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

**FOURTH CAUSE OF ACTION**

**PLAINTIFFS CHRISTOPHER AND HONEY TORRETTI v. ALL DEFENDANTS**

52. Plaintiffs incorporate by this reference all preceding paragraphs of this Complaint in their entirety as though fully set forth in this cause of action, and further allege as follows:

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

53. As a direct and proximate result of the negligence of all named defendants, PLAINTIFFS CHRISTOPHER AND HONEY TORRETTI have been obliged to expend various and diverse sums of money for transportation, hospitalization, medical, therapy and nursing care, medical supplies and equipment in an attempt to treat their son's condition, and they will continue to be so obliged for an indefinite time in the future, to their great detriment and loss.

54. As a direct and proximate result of the negligence of all named defendants, PLAINTIFFS CHRISTOPHER AND HONEY TORRETTI, have been obliged to expend various and diverse sums of money for the costs of special care required as a result of their son's injuries, and they will continue to be so obliged for an indefinite time in the future, to their great detriment and loss.

55. As a direct and proximate result of the negligence of all named defendants, PLAINTIFFS CHRISTOPHER AND HONEY TORRETTI are entitled to recover for the loss of their son's services during his minority. See Brower v. City of Philadelphia, 557 A.2d 48 (Pa. Super, 1989).

WHEREFORE, PLAINTIFFS hereby demand damages of all defendants in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

## FIFTH CAUSE OF ACTION

## PLAINTIFF HONEY TORRETTI v. PAOLI, GERSON, GERSON GROUP, FINNEGAN, BELDEN GROUP, AND LANKENAU

56. Plaintiff incorporates by this reference all preceding paragraphs of this Complaint in their entirety as though fully set forth in this cause of action, and further allege as follows:

57. HONEY TORRETTI was still pregnant with (and therefore carrying) her son, the minor plaintiff CHRISTOPHER J. TORRETTI, during the relevant time periods as outlined herein.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

58. HONEY TORRETTI experienced direct sensory and contemporaneous observation of the negligent acts of the delayed management of her active labor, including the violations of EMTALA described herein as well as an acute awareness of the fetal distress her son was suffering *in utero*, such as the calls of her son's low heart rate, all of which have caused her great physical and emotional shock and trauma.

59. As a direct and proximate result of the negligence of all named defendants, PLAINTIFF HONEY TORRETTI has sustained severe emotional distress manifested by mental and physical suffering as a result of the following:

(a) being discharged from PAOLI while in active labor – and drive in her own car to LANKENAU – when she had suffered pre-term labor requiring hospital admissions in the past and had told GERSON that she had felt recent, decreased movement;

(b) witnessing and being party to the delayed delivery of her son, manifesting fetal distress, while at LANKENAU;

(c) being caused to undergo an emergent cesarean section caused by an "obstetric crisis" due to the negligent delays as identified above;

(d) being caused to witness her son's post-delivery condition in the NICU, with bruises on his chest from the CPR, the ventilator breathing for him, his listless body, the multiple lines going in and out of him, and his being in a highly swollen state; and

(e) the daily viewing of and caring for his subsequent disabilities due to the actions described herein.

WHEREFORE, PLAINTIFF, HONEY TORRETTI, hereby demands damages of all defendants in an amount in excess of the jurisdictional limit for a jury trial, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**NOTICE OF PRESERVATION OF EVIDENCE**

PLAINTIFFS HEREBY DEMAND AND REQUEST THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO HIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all causes of action and issues so triable.

**THE BEASLEY FIRM, LLC**

**BY:** ______________________________

**JAMES E. BEASLEY, JR.**
**CATHERINE A. ROTHENBERGER**
**The Beasley Building**
**1125 Walnut Street**
**Philadelphia, PA 19107**
**215.592.1000**
**215.592.8360 (facsimile)**

**Attorneys for Plaintiffs**

Dated: 10 July 2006

15

COMPLAINT
TORRETTI V. PAOLI MEMORIAL HOSPITAL, ET AL.

THE BEASLEY FIRM, LLC
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM